**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

LOCAL UNION NO. 313 OF                          :          CIVIL ACTION
THE INTERNATIONAL BROTHERHOOD                   :
OF ELECTRICAL WORKERS OF WILMINGTON,            :
DELWARE HEALTH AND WELFARE FUND                 :
c/o GEM GROUP                                   :
650 Naamans Road, Suite 303                     :
Claymont, DE   19703                            :
                                                :
          and                                   :          NO.
                                                :
LOCAL UNION NO. 313 OF                          :
THE INTERNATIONAL BROTHERHOOD                   :
OF ELECTRICAL WORKERS OF WILMINGTON,            :
DELWARE PENSION FUND                            :
c/o GEM GROUP                                   :
650 Naamans Road, Suite 303                     :
Claymont, DE   19703                            :
                                                :
          and                                   :
                                                :
INTERNATIONAL BROTHERHOOD                       :
OF ELECTRICAL WORKERS LOCAL UNION               :
NO. 313 DEFERRED INCOME PLAN                    :
c/o GEM GROUP                                   :
650 Naamans Road, Suite 303                     :
Claymont, DE   19703                            :
                                                :
          and                                   :
                                                :
INTERNATIONAL BROTHERHOOD                       :
OF ELECTRICAL WORKERS                           :
LOCAL UNION NO. 313                             :
814 W. Basin Road                               :
New Castle, DE  19720                           :
                                                :
                    Plaintiffs                  :
                                                :
          v.                                    :
                                                :
                                                :
                                                :
EMCOR FACILITIES SERVICES, INC.                 :
     a/k/a EMCOR Group, Inc.                    :

a/k/a EMCOR Construction Services, Inc.          :
301 Merritt Seven                                :
6th Floor                             :
Norwalk, CT 06851                                :
                                                 :
                          Defendant              :
                                                 :

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§185(a), 1132, 1145.

2.      A copy of this Complaint has been served on the Secretary of Labor and the

Secretary of Treasury of the United States by certified mail.

## VENUE

3.      Venue lies in the District of Delaware under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4.      Plaintiffs, Local Union No. 313 of the International Brotherhood of Electrical

Workers of Wilmington, Delaware Health and Welfare Fund, Local Union No. 313 of the

International Brotherhood of Electrical Workers of Wilmington, Delaware Pension Fund and

International Brotherhood of Electrical Workers Local Union No. 313 Deferred Income Plan,

("Welfare Fund", "Pension Fund" and "DIP" and, jointly, "Funds"), are trust funds established

under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plans" within the

meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5.      Plaintiff, International Brotherhood of Electrical Workers' Union Local No.313

("Union") is an unincorporated association commonly referred to as labor unions, and is an

employee organization which represents, for purposes of collective bargaining, employees of Bay Electrical Contractors, Inc. a/k/a Bay Electrical Services, LLC a/k/a Bay Electrical Services who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

5.      Defendant, EMCOR Facilities Services, Inc. a/k/a EMCOR Group, Inc. a/k/a EMCOR Construction Services, Inc. ("Company") is a Delaware corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

6.      At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with Local Union No. 313 of the International Brotherhood of Electrical Workers (singly or jointly, "Labor Contract").

7.      The Company also signed or agreed to abide by the terms of the Trust Agreements of the Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting commerce to promote stable and peaceful labor relations.

8.      Under the Labor Contract or Trust Agreements, the Company agreed:

(a)      To make full and timely payments on a monthly basis to the Plaintiffs as required by the Labor Contracts;

(b)      To file monthly remittance reports with the Plaintiffs detailing all employees or work for which contributions were required under the Labor Contract;

(c)      To produce, upon request by the Plaintiffs, individually or jointly, all books and records deemed necessary to conduct an audit of Company's records concerning its

obligations to the Plaintiffs; and

(d)    To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Plaintiffs to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

9.    The Company also agreed to make full and timely payments on a monthly basis to the International Brotherhood of Electrical Workers' Local No. 313 Apprenticeship and Training Committee, Delaware Division ("Apprenticeship Fund") and International Brotherhood of Electrical Workers' Vacation Fund ("Vacation" and together with Apprenticeship Fund, "Ancillary Funds").

10.    The Union is the authorized collection agent for the Ancillary Funds.  The Union, Funds and Ancillary Funds are, hereinafter, jointly referred to as "Plaintiffs".

## COUNT I - CONTRIBUTIONS UNDER CONTACT

### PLAINTIFFS

### v.

### COMPANY

11.    The allegations of Paragraphs 1 through 10 are incorporated by reference as if fully restated.

12.    Based upon information presently available to the Plaintiffs, the Company owes the Plaintiffs at least the sum of $57,461.67 due under the Labor Contract or Trust Agreements for the period August 2005 through the present.

13.    The Company has not paid the Plaintiffs as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1)     Enter judgment against the Company in favor of the Plaintiffs, jointly and severally, for at least $57,461.67 plus all additional amounts found to be due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA

## PLAINTIFFS

## v.

## COMPANY

14.     The allegations of Paragraphs 1 through 13 are incorporated by reference as if fully restated.

15.     Based upon information presently available to the Plaintiffs, the Company has failed to pay contributions to the Plaintiffs in at least the amount of $57,461.67 for the period August 2005 through the present in violation of 29 U.S.C. §1145.

16.     The Plaintiffs have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)     Enter judgment against the Company in favor of the Plaintiffs, jointly and severally, for at least $57,461.67 plus any additional amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions

or liquidated damages provided by the documents governing the Plaintiffs or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## PLAINTIFFS

### v.

## COMPANY

17.    The allegations of Paragraphs 1 through 16 are incorporated by reference as if fully restated.

18.    The Company is obligated to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

19.    The amount of contributions and work dues the Company is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

18.    The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

19.    Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

20.     No audit of the Company's books and records has been performed.

21.     The Company is required by the Labor Contract, Trust Agreement or applicable law to permit the Funds to audit their records and to cooperate in determining the contributions due the Plaintiffs.

22.     The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

23.     All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)     Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PLAINTIFFS

### v.

### COMPANY

24.     The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25.     On information and belief, the Company has failed to make contributions to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

26.     On information and belief, the Plaintiffs have been damaged by the Company's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Plaintiffs, individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PLAINTIFFS

### v.

### COMPANY

27.     The allegations of Paragraph 1 through 26 are incorporated by reference as if fully restated.

28.     On information and belief, the Company has failed to make contributions to the Plaintiffs in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

29.     The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody, control or knowledge.

30. On information and belief, the Plaintiffs have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Plaintiffs, individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI – INJUNCTION

## PLAINTIFFS

## v.

## COMPANY

31. The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32. A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

33. Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and/or pay the contributions presently due and owing or which become

due and owing in the future, and the Plaintiffs and their participants will suffer immediate,

continuing and irreparable damage by, among other matters, the loss of investment earnings, the

inability to properly determine eligibility and calculate benefits, and a substantial increase in the

administrative costs of the Funds with a diminution of the assets otherwise available to pay

benefits to Company's employees and employees of other employers who fully and timely pay

their contributory obligations.

34.    All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(1)    Permanently restrain and enjoin the Company, its officers, agents, servants,

employees, attorneys and all others in active concert or participation with them from continuing

to violate the terms of the current collective bargaining agreement(s) between the Company and

Local Union No. 313 of the International Brotherhood of Electrical Workers (including its

affiliated locals) and from violating such other collective bargaining agreements as may from

time to time be entered by the said parties providing for the timely filing of remittance reports

with complete, accurate and proper information and timely payment of contributions to the

Plaintiffs for so long as the Company is contractually-required to do so.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

Respectfully submitted,

FERRY, JOSEPH & PEARCE, P.A.

BY:    s/ Rick S. Miller
Rick S. Miller, Esquire (#3418)
824 Market Street
P.O. Box 351
Wilmington, DE 19899-1351
(302) 575-1555
Attorney for the Plaintiffs

Date: May 3, 2007

OF COUNSEL:
SANFORD G. ROSENTHAL
JESSICA L. TORTELLA
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA  19106
(215) 351-0611/0669

(REV. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Local Union No. 313 of the International Brotherhood of Electrical Workers of Wilmington, Delaware Health and Welfare Fund

Local Union No. 313 of the International Brotherhood of Electrical Workers of Wilmington, Delaware Pension Fund

International Brotherhood of Electrical Workers Local Union No. 313 Deferred Income Plan

International Brotherhood of Electrical Workers Local Union No. 313

**b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANT

EMCOR Facilities Services, Inc., a Delaware corporation.
a/k/a EMCOR Group, Inc.
a/k/a EMCOR Construction Services, Inc.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Rick S. Miller (#3418)**
**FERRY JOSEPH & PEARCE, P.A.**
**824 Market Street, Suite 904**
**P.O. Box 1351**
**Wilmington, DE 19899-1351**
**(302)575-1555**

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

9 1 U.S. Government

9 2 U.S. Government Defendent

X 3 Federal Question

9 4 Diversity
(Indicated Citizenship of  Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

N/A

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE  DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

**29 USC §1002 et seq.; Amounts Due under ERISA and Contract Law**

## V. NATURE OF SUIT  (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| 9 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 9 610 Agriculture | 9 422 Appeal | 9 422 State Reapportionment |
| 9 120 Marine | 9 310 Airplane | 9 362 Personal Injury-- | 9 620 Other Food & Drug | 28 USC 158 | 9 410 Antitrust |
| 9 130 Miller Act | 9 315 Airplane Product | Med Malpractice | 9 625 Drug Related Seizure | 9 423 Withdrawal | 9 430 Banks and Banking |
| 9 140 Negotiable Instrument | Liability | 9 365 Personal Injury -- | of Property 21 USC | 28 USC 157 | 9 450 Commerce/ICC Rates/etc. |
| 9 150 Recovery of | 9 320 Assault, Libel & | Product Liability | 881 | | 9 460 Deportation |
| Overpayment | Slander | 9 368 Asbestos Personal | 9 630 Liquor Laws | **PROPERTY RIGHTS** | |
| & Enforcement of | 9 330 Federal Employers' | Injury Product | 9 640 R.R. & Truck | 9 820 Copyrights | 9 470 Racketeer Influenced and |
| Judgment | Liability | Liability | 9 650 Airline Regs | 830 Patent | Corrupt Organizations |
| 9 151 Midicare Act | 9 340 Marine | **PERSONAL PROPERTY** | 9 660 Occupational | 9 840 Trademark | 9 810 Selective Service |
| 9 152 Recovery of Defaulted | 9 345 Marine Product | 9 370 Other Fraud | Safety/Health | | 9 850 Securities/Commodities/ |
| Student Loans | Liability | 9 371 Truth in Lending | 9 690 Other | | Exchange |
| (Excl. Veterans) | 9 350 Motor Vehicle | 9 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 9 875 Customer Challenge |
| 9 160 Stockholders Suits | 9 355 Motor Vehicle Product | Property Damage | 9 710 Fair Labor Standards | 9 861 HIA (1395ff) | 12 USC 3410 |
| 9 190 Other Contract | Liability | 9 385 Property Damage | Act | 9 862 Black Lung (923) | 9 891 Agricultural Acts |
| 9 195 Contract Product Liability | | Property Liability | 9 720 Labor/Mgmt. Relations | 9 863 DIWC/DIWW (405(g)) | 9 892 Economic Stabilization |
| | | | 9 730 Labor/Mgmt. Reporting | 9 864 SSID Title XVI | 9 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | 9 865 RSI (405(g)) | 9 894 Energy Allocation Act |
| 9 210 Land Condemnation | 9 441 Voting | 9 510 Motions to Vacate | 9 740 Railway Labor Act | **FEDERAL TAX SUITS** | 9 895 Freedom of Information Act |
| 9 220 Foreclosure | 9 442 Employment | Sentence | 9 790 Other Labor Litigation | 9 870 Taxes (U.S. Plaintiff | 9 900 Appeal of Fee |
| | 9 443 Housing/ | Habeas Corpus: | X 791 Empl. Ret. Inc. | or | Determination |
| 9 230 Rent Lease & Equipment | Accommodations | 9 530  General | Security Act | Defendant) | Under Equal Access to |
| 9 240 Torts to Land | 9 444 Welfare | 9 535  Death Penalty | | 9 871 IRS -- Third Party 26 | Justice |
| 9 245 Tort Product Liability | 9 440 Other Civil Rights | 9 540 Mandamus & Other | | USC 7609 | 9 950 Constitutionality of State |
| 9 290 All Other Real Property | | 9 550 Civil Right | | | Statues |
| | | | | | 9 Other Statutory Actions |

## VI. ORIGIN  (PLACE AN X IN ONE BOX ONLY)

X 1 Original Proceeding

9 2 Removed from State Court

9 3 Remanded from Appellate Court

9 4 Reinstated or Reopened

Transferred from
9 5 another district (specify)

9 6 Multidistrict Litigation

Appeal to District
9 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A  CLASS ACTION
___9  UNDER F.R.C.P 23

DEMAND $ 57,461.67  Check  YES only if demanded in complaint:

JURY DEMAND:_9  YES     X  NO

## VIII. RELATED CASE(S) IF ANY

(See instructions)

N/A

DATE  May 3, 2007

SIGNATURE OF ATTORNEY OF RECORD /s/Rick S. Miller (#3418)

UNITED STATES DISTRICT COURT

COVER.USD

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 7 - 2 4 2

Civil Action No. _____

# ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___4___ COPIES OF AO FORM 85.

___5|3|07___
(Date forms issued)

X _____
(Signature of Party or their Representative)

X: ROBERT M°FADDEN
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action