IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

N.E.C.A. LOCAL UNION NO. 313 I.B.E.W.  :
HEALTH AND WELFARE FUND, N.E.C.A. LOCAL :
UNION NO. 313 I.B.E.W. PENSION FUND, and :
INTERNATIONAL BROTHERHOOD OF ELECTRICAL :
WORKERS LOCAL UNION NO. 313 DEFERRED :
INCOME PLAN :
c/o GEM GROUP : CIVIL ACTION
650 Naamans Road, Suite 303 : NO. 07-cv-0242(***)
Claymont, DE 19703 :
         and :
INTERNATIONAL BROTHERHOOD OF ELECTRICAL :
WORKERS' LOCAL NO. 313 APPRENTICESHIP AND :
TRAINING COMMITTEE, DELAWARE DIVISION, and :
INTERNATIONAL BROTHERHOOD OF ELECTRICAL :
WORKERS' VACATION FUND :
814 W. Basin Road :
New Castle, DE 19720 :
         and :
INTERNATIONAL BROTHERHOOD :
OF ELECTRICAL WORKERS :
LOCAL UNION NO. 313 :
814 W. Basin Road :
New Castle, DE 19720 :
:
                Plaintiffs, :
:
     v. :
:
EMCOR FACILITIES SERVICES, INC. :
     a/k/a EMCOR Group, Inc. :
     a/k/a EMCOR Construction Services, Inc. :
301 Merritt Seven :
6th Floor :
Norwalk, CT 06851 :
:
                Defendant. :

**ANSWER**

Defendant Emcor Facilities Services, Inc. ("Emcor"), by and through its

undersigned counsel, Drinker Biddle & Reath LLP, hereby responds to the corresponding

paragraphs of Plaintiff's First Amended Complaint as follows:

## JURISDICTION AND VENUE

1. Defendant avers that paragraph 1 of the First Amended Complaint states only conclusions of law to which no response is required.

2. Defendant is without knowledge to admit or deny the averments contained in paragraph 2 of the First Amended Complaint, and therefore they are denied.

3. This paragraph states a conclusion of law to which no response is required.

## PARTIES

4. Plaintiff Funds' identify and existence are admitted. The remaining allegations of paragraph 4 of the First Amended Complaint are conclusions of law to which no response is required.

5. Plaintiff Union's identity and its existence as an unincorporated association is admitted. Defendant is without knowledge to admit or deny the factual allegations regarding Bay Electrical Services and they are therefore denied. The remaining allegations of paragraph 5 are conclusions of law to which no response is required.

6. Admitted only that Defendant Emcor Facilities Services, Inc. is a corporation organized under the laws of Delaware and that it has an office located at 301 Merritt Seven, 6th Floor, Norwalk, CT. The remaining averments of this paragraph are conclusions of law to which no response is required. It is specifically denied that the Defendant is also known as Emcor Group Inc. or Emcor Constructions Services Inc.

## COMMON FACTS

7. Admitted.

8. The Defendant admits only that it was a signatory to the Labor Contract with Local Union 313, under which it agreed to make fringe benefits contributions to Health & Welfare, Pension, annuity, NEBF and apprentice training funds. The Defendant denies signing any Trust Agreement. As to the specific undertakings alleged, they are governed by the Labor Contract which speaks for itself. The remaining allegations of paragraph 8 are denied.

9(a) – (d).   Denied. Admitted only that the Defendant agreed to make fringe benefits contributions to Health & Welfare, Pension, annuity, NEBF and apprentice training funds to the extent consistent with the Labor Contract. The Defendant denies signing any Trust Agreement. As to the specific undertakings alleged, they are governed by the Labor Contract which speak for itself. The remaining allegations of paragraph 9 are denied.

10. Admitted.

## COUNT I – CONTRIBUTIONS UNDER CONTRACT

### PLAINTIFFS

### v.

### COMPANY

11. Defendant restates and incorporates the responses provided in response to paragraphs 1 – 10 of the First Amended Complaint as if set forth herein.

12. Denied.

13. Denied.

## COUNT II – CONTRIBUTIONS UNDER ERISA

### PLAINTIFFS

v.

### COMPANY

14. Defendant restates and incorporates the responses provided in response to paragraphs 1 – 13 of the First Amended Complaint as if set forth herein.

15. Denied.

16. Denied.

## COUNT III – AUDIT

### PLAINTIFFS

v.

### COMPANY

17. Defendant restates and incorporates the responses provided in response to paragraphs 1-16 of the First Amended Complaint as if set forth herein.

18. This paragraph states a conclusion of law to which no response is required.

19. This paragraph states a conclusion of law to which no response is required.

20. Denied that the Defendant has not permitted the audit of the Fund. To the contrary, it is averred that at the time the First Amended Complaint was filed, the Fund

auditors were conducting an audit of Defendant's records, with the full cooperation of the Defendant, and that as of the date of the Answer the audit has not been completed.

21. Defendant is without sufficient knowledge or information to admit or deny the averments of this paragraph, and they are therefore denied.

22. Denied. To the contrary, the Funds' audit is ongoing.

23. This paragraph states conclusions of law to which no response is required.

24-25. Defendant avers that paragraphs 24 and 25 of the First Amended Complaint state conclusions of law to which no response is required.

## COUNT IV – CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PLAINTIFFS

v.

### COMPANY

26. Defendant restates and incorporates the responses provided in response to paragraphs 1-25 of the First Amended Complaint as if set forth herein.

27. Denied.

28. Denied.

## COUNT V – CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PLAINTIFFS

v.

### COMPANY

29. Defendant restates and incorporates the responses provided in response to

paragraphs 1-28 of the First Amended Complaint as if set forth herein.

30. Denied.

31. Denied. To the contrary, as of the time of the filing of the First Amended Complaint, auditors of the Plaintiff Funds were participating in an audit with the full cooperation of Defendant.

32. Denied.

## COUNT VI – INJUNCTION

## PLAINTIFFS

## v.

## COMPANY

33. Defendant restates and incorporates the responses provided in response to paragraphs 1-32 of the First Amended Complaint as if set forth herein.

34. Denied.

35. Denied. By way of further answer, an audit of Defendant's records regarding its payments to Plaintiff Funds with the full cooperation has been ongoing and that as of the date of this Answer the audit has not been completed.

36. Denied.

### FIRST AFFIRMATIVE DEFENSE

Defendant has made all payments and contributions required by the Labor Contract.

### SECOND AFFIRMATIVE DEFENSE

An audit of Defendant's payroll records regarding its payments to Plaintiff Funds

has been ongoing and as of the date of this Answer has not been completed.

## THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has acted in good faith.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from claiming funds by virtue of previous settlement agreements with Defendant.

Defendant reserves the right to plead any additional separate defenses, the availability of which may come to light as the action progresses.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiffs, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

Dated: June 29, 2007

/s/ David P. Primack
David P. Primack (DE 4449)
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
(302) 467-4200
(302) 467-4201 (fax)

J. Freedley Hunsicker
Admitted *Pro Hac Vice*
Edward N. Yost
Admission via *Pro Hac Vice* pending
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 DEFERRED INCOME PLAN<br>c/o GEM GROUP<br>650 Naamans Road, Suite 303<br>Claymont, DE 19703<br>    and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' LOCAL NO. 313 APPRENTICESHIP AND TRAINING COMMITTEE, DELAWARE DIVISION, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' VACATION FUND<br>814 W. Basin Road<br>New Castle, DE 19720<br>    and<br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313<br>814 W. Basin Road<br>New Castle, DE 19720<br><br>                Plaintiffs,<br><br>v.<br><br>EMCOR FACILITIES SERVICES, INC.<br>   a/k/a EMCOR Group, Inc.<br>   a/k/a EMCOR Construction Services, Inc.<br>301 Merritt Seven<br>6th Floor<br>Norwalk, CT 06851<br><br>                Defendant. | CIVIL ACTION<br>NO. 07-cv-0242(***) |

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that on this date I caused a true and correct

copy of Defendant's Answer to the Complaint to be served on the parties listed below via

PHLIT\604503\2

CM/ECF and in the manner indicated:

<u>Via Hand Delivery</u>
Timothy J. Snyder
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

<u>Via U.S. Mail</u>
Sanford G. Rosenthal
Jessica L. Tortella
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106

Dated: June 29, 2007

/s/ David P. Primack
David P. Primack (DE 4449)
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
(302) 467-4200
(302) 467-4201 (fax)

PHLIT\604503\2